IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LUCKY LAKE FARM & WATER LIMITED PARTNERSHIP, a Saskatchewan Limited Partnership; SWIFT RIVER FARMS LTD., an Alberta corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>GORDON CLARK, an individual; RODNEY KOCH A/K/A GORDON CLARK an individual; CINDY LOU ELLEN KOCH, an individual; KRYSTAL LEE CLARK, an individual; MICHAEL ROSE, an individual; MICHAEL ROSE & ASSOCIATES STRATEGIC CONSULTING INC. a Nova Scotia corporation; JEFF HOUGHTON, an individual; TW INTERNATIONAL INVESTMENTS LTD., a Bahamian Registered company; TW ADVISORS LTD. a British Virgin Islands registered company; TW FUNDS INC. a British Virgin Islands registered company; DOES I-XX, inclusive; ROE CORPORATIONS, I-X, inclusive,<br><br>Defendants. | Case No. 2:23-cv-01768<br><br><br>**TEMPORARY<br>RESTRAINING ORDER** |

Pending before the Court are Plaintiffs LUCKY LAKE FARM & WATER LIMITED PARTNERSHIP and SWIFT RIVER FARMS LTD's Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction. The Court finds and determines, based on Plaintiffs' Motion, Memorandum in Support thereof, the Complaint, and the evidence and documents submitted herewith, as follows:

1. Plaintiffs will suffer immediate and irreparable harm unless a Temporary Restraining Order issues temporarily freezing the assets of Defendants GORDON CLARK; RODNEY KOCH A/K/A GORDON CLARK; CINDY LOU ELLEN KOCH; KRYSTAL LEE CLARK (the TRO

Defendants) assets identified in Paragraph 1 below.  Plaintiffs have asserted legal and equitable causes of action in its Complaint, including a constructive trust.  Unless a Temporary Restraining Order issues, Plaintiffs' equitable relief may be unavailable if the TRO Defendants' assets held in this jurisdiction are transferred, sold, dissipated, pledged, assigned, or encumbered before a final order on the merits.  Additionally, Plaintiffs have sufficiently established that there is a genuine risk Defendants will attempt to transfer or otherwise dissipate assets in an effort to hide or shield those assets from seizure unless this Order is immediately entered.  These factors establish that Plaintiff will suffer immediate and irreparable harm unless a Temporary Restraining Order issues.

2.  Plaintiffs have made a prima facie showing that there is a substantial likelihood that it will prevail on the merits of its underlying claim for constructive trust.  The evidence in support of this finding includes the detailed factual history set forth in the Complaint, specifically the evidence of the alleged fraud committed by the TRO Defendants for the purpose of misappropriating funds from Plaintiffs.

3.  The balance of equities weighs in favor of issuing the Temporary Restraining Order.  Identifying and preventing fraud is in the public interest, and the burden on the TRO Defendants is minimal because this Order only preserves the status quo and does not impose affirmative obligations on any of Defendants.  Moreover, although this order is being entered ex parte, it is for a short duration and only remains in effect until a hearing with all parties present can occur.

4.  Plaintiffs have met their burden set forth in Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure and have certified in writing the reasons why notice is not required before this Order is entered by the Court.  Those reasons include the real and imminent threat that the TRO Defendants will immediately attempt to dissipate assets outside of this jurisdiction into a jurisdiction from which seizure is effectively prohibitive.  Moreover, notice to the TRO Defendants will provide an opportunity to other parties not named in the instant action, but who were co-conspirators to the fraud purportedly committed against Plaintiffs, an opportunity to dispose of assets that those individuals or entities control.

**IT IS THEREFORE ORDERED**:

1. The Ex Parte Motion for Temporary Restraining Order, (ECF No. 3), is **GRANTED**. The Court temporarily ENJOINS TRO Defendants from:

    a. Transferring, selling, disposing, pleading, assigning, or encumbering the real and personal property described below until the Court conducts a hearing with all parties present to more thoroughly discuss this matter:

        i. APN: 125-23-612-033, 6172 Luna View Avenue in Las Vegas, Nevada; and

        ii. APN: 125-23-612-019, 6214 Desert Flora Avenue in Las Vegas, Nevada.

    b. Spending or disposing of monies held in their personal bank accounts, except for $10,000 per week per person for ordinary living expenses, legal defense costs, and business expenses.

2. The real and personal property set forth in Paragraph 1 above shall not be transferred, sold, disposed of, pledged, assigned, or encumbered of in any way until the expiration of this order. This Order shall remain in place until November 27, 2023, at 5:00 p.m., unless the Court orders otherwise.

**IT IS FURTHER ORDERED** that after entry of this Order, Plaintiffs will take all reasonable steps to cause this Order, the Complaint, and the Motion to be served on the TRO Defendants within 72 hours. **IT IS FURTHER ORDERED** that Defendants may file a Response by November 20, 2023. Plaintiffs may file a Reply by November 22, 2023. **IT IS FURTHER ORDERED** that the parties shall appear before the Court on November 27, 2023, at 10:00 a.m. in LV Courtroom 7D before Judge Gloria M. Navarro for oral argument on Plaintiffs' Motion for Preliminary Injunction.

DATED: __November 13__, 2023.

By: _____

UNITED STATES DISTRICT COURT JUDGE

TEMPORARY RESTRAINING ORDER - 3